# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
\* \* \*

| | |
|---|---|
| Jessica M. Brown, | Case No. 2:24-cv-00437-JAD-DJA |
| Plaintiff, | |
| v. | **Report and Recommendation** |
| Clark County Public Defender's Office, | |
| Defendant. | |

Under 28 U.S.C. § 1915 Plaintiff is proceeding in this action *pro se* and has requested authority to proceed *in forma pauperis*. (ECF No. 1). Plaintiff also submitted a complaint. (ECF No. 1-1). Because the Court finds that Plaintiff's application is complete, it recommends granting her application to proceed *in forma pauperis*. The Court also screens Plaintiff's complaint and recommends dismissing it with prejudice.

**I.      *In forma pauperis* application.**

Plaintiff filed the affidavit required by § 1915(a). (ECF No. 1). Plaintiff has shown an inability to prepay fees and costs or give security for them. Accordingly, the Court will recommend granting her request to proceed *in forma pauperis* under 28 U.S.C. § 1915(a). The Court will now review Plaintiff's complaint.

**II.     Screening the complaint.**

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint under § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the

complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly*, 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Under 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Cases "arise under" federal law either when federal law creates the cause of action or where the vindication of a right under state law necessarily turns on the construction of federal law. *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002). Whether federal-question jurisdiction exists is based on the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under 28 U.S.C. § 1332(a), federal

district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states." Generally speaking, diversity jurisdiction exists only where there is "complete diversity" among the parties; each of the plaintiffs must be a citizen of a different state than each of the defendants. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

### *A. Plaintiff's allegations.*

Plaintiff brings her claims against the public defender who represented her in a state court case.[1] (ECF No. 1-1 at 2). Plaintiff brings one cause of action through 42 U.S.C. § 1983[2] for violations of her Eighth Amendment rights.[3] (*Id.* at 1, 3). She alleges that, presumably during the pendency of her state-court criminal case, she was unable to reach her public defender on the phone and so she was uninformed about her case. (*Id.*). Plaintiff alleges that she called her public defender years later and that he stated that her appeal was "never going to happen." (*Id.*). Plaintiff asserts that she had only two face-to-face meetings with her public defender and that she "sat waiting on mental health court for 7 mo[nths]" without being able to contact her public defender and fearing retaliation from the public defender or the police department. (*Id.*).

Plaintiff's complaint fails because her claims involve actions her public defender took while acting in his role as advocate, which claims are not actionable under 42 U.S.C. § 1983. Title 42 U.S.C. § 1983 provides that "[e]very person who, under color of [law], subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured

---

[1] While Plaintiff names the Clark County Public Defender's Office as the only defendant in this action, her allegations make clear that she is bringing her claim against the public defender who represented her, not the office as a whole.

[2] Plaintiff does not directly reference 42 U.S.C. § 1983, but has circled it under Section A, where Plaintiff indicates that the Court's jurisdiction arises under 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983.

[3] Because the Court addresses Plaintiff's complaint under 42 U.S.C. § 1983, it does not reach the Eighth Amendment. However, the Eighth Amendment prohibits cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 101-102 (1976). But Plaintiff has not described any action by counsel that would arise to the level of cruel and unusual punishment or explained why counsel's actions constitute cruel and unusual punishment.

in an action at law...." Section 1983 does not create any substantive rights but provides a method for enforcing rights contained in the Constitution or federal statutes. *Crowley v. Nev. ex rel. Nev. Sec'y of State*, 678 F.3d 730, 734 (9th Cir. 2012). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege "(1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes." *Williams v. California*, 764 F.3d 1002, 1009 (9th Cir. 2014) (quotation omitted).

A defendant has acted under color of state law where he or she has "exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988) (quotation omitted). When public defenders are acting in their role as advocate for a defendant in a criminal case, they are not acting under color of state law for § 1983 purposes. *Jackson v. Brown*, 513 F.3d 1057, 1079 (9th Cir. 2008). Public defenders do not act under color of state law because "a defense lawyer is not, and by the nature of his function cannot be, the servant of an administrative superior. Held to the same standards of competence and integrity as a private lawyer, a public defender works under canons of professional responsibility that mandate his exercise of independent judgment on behalf of the client." *Polk Cty. v. Dodson*, 454 U.S. 312, 321 (1981) (internal citation omitted).

Given Plaintiff's allegations, it appears that Plaintiff's public defender was acting in his capacity as Plaintiff's defense lawyer and not acting under the color of law. Thus, Plaintiff fails to state a claim against them under § 1983 as a matter of law. The Court thus recommends dismissing Plaintiff's complaint with prejudice.

## RECOMMENDATION

**IT IS RECOMMENDED** that Plaintiff's application (ECF No. 1) be **granted.**

**IT IS FURTHER RECOMMENDED** that Plaintiff's complaint (ECF No. 1-1) be **dismissed with prejudice.**

## NOTICE

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within (14) days after service of this Notice. The

Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985), *reh'g denied*, 474 U.S. 1111 (1986). The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED: March 20, 2024

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE